UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of INNOVATIVE CONSTRUCTION SOLUTIONS-NORCAL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CH2M HILL CONSTRUCTORS, INC., a Delaware corporation; BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation; BERKLEY SURETY GROUP, LLC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:14-cv-01376-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Innovative Construction Solutions-Norcal ("Plaintiff") seeks money owed pursuant to a subcontract with Defendant CH2M Hill Constructors, Inc. ("CH2M Hill). The work in question was performed on a federal project located at McClellan Air Force Base in Sacramento, California. CH2M Hill now moves to dismiss the Third, Sixth, and Seventh Causes of Action contained in Plaintiff's Complaint for failure to state a viable cause of action pursuant to Federal Rule of Civil

///

Procedure 12(b)(6).  For the reasons set forth below, that Motion will be GRANTED in part and DENIED in part.[1]

## BACKGROUND

In April 2011, CH2M Hill entered into an agreement with the United States, by and through the Department of the Air Force, to serve as the general contractor for a project designed to remediate radioactive contaminated soils at McClellan.  Compl., ¶ 10.  Two separate task orders, encompassing two different locations, were entered into between the United States and CH2M Hill for this purpose in April and December of 2011, respectively.  Id. at 12-13.  CH2M Hill thereafter issued, on March 28, 2012, a Request for Proposal ("RFP") with respect to necessary work at both sites.  Id. at 15.   That RFP provided detailed technical information about each site, including square footage, total excavation depth, the volume of excavation necessary, and the amount of backfill needed.

Based on the March 28, 2012 RFP, CH2M Hill and Plaintiff entered into both a Subcontract and a subsequent Change Order (collectively referred to as "Subcontract"), under the terms of which Plaintiff agreed to furnish labor, materials, equipment and supervision necessary for the removal of contaminants at both sites.  The Subcontract specified how prices would be determined if additional work had to be performed.  Adjustments would be made on the basis of "reasonable expenditures and savings" attributable to any unanticipated change.  Cost factors to be considered in determining such adjustment included, among other things, overhead and profit numbers, labor costs, and costs of materials, supplies and equipment.  Id. at 22.

In the course of performing necessary work on the two sites subject to remediation, Plaintiff had to undertake a large amount of work due to site conditions

---

[1] Because oral argument was not deemed of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

differing from those specified in the RFP, other changes, and attendant delays that could not, according to Plaintiff, have been reasonably anticipated. Id. at 23. This drove up the price of Plaintiff's services substantially, and, despite the provisions in the Subcontract specifying how additional costs were to be calculated, Plaintiff alleges that CH2M Hill has refused to pay Plaintiff for a substantial portion of its services. Id. at 213, 221. According to Plaintiff, those amounts included some $245,618.16 under the agreed-upon terms of the Subcontract, and in excess of $3,000,000.00 when additional costs were included. Id. at 202. Plaintiff's Complaint specifically asserts that it has been paid only $4,295,592.10 of at least $7,445,856.37 owed by CH2M Hill. Id. at 213.

In addition to the failure to pay itself, Plaintiff further asserts that CH2M Hill employed "slow-play" tactics in processing its invoices through the course of the project, "allowing them to sit in its office for weeks, if not months, before even acknowledging that they had been submitted." Id. at 244. Plaintiff alleges that this unfairly caused it to carry debt with its own vendors and suppliers, and further alleges that CH2M Hill's conduct in this regard has "severely hurt" Plaintiff's business. As a result, according to Plaintiff, it has been forced to rely upon "un-preferred vendors/suppliers" and has been paying higher interest rates. Id.

CH2M Hill, for its part, denies breaching any part of the Subcontract (Mot., p. 6, n.1). Consequently, in addition to a breach of contract claim asserting a failure to abide by the express terms of the Subcontract (as set forth in the Second Cause of Action), Plaintiff also, by way of its Third Cause of Action, alleges a claim for breach of the implied covenant, arguing that CH2M Hill had an "implicit obligation" to make adjustments to the Subcontract price based on the amorphous "reasonable expenditures" provision contained in the Subcontract as mentioned above. Id. at 226. Moreover, in its Sixth Cause of Action, Plaintiff further alleges that CH2M Hill violated California Business and Professions Code section 17200 by including unlawful "pay if paid" provisions in the Subcontract, whereby CH2M Hill purported to condition its

///

3

obligation to pay under the Subcontract to payments it obtained, as the general contractor, from the government. Id. at 243.

In now moving to strike portions of the Complaint, CH2M alleges that because Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of Plaintiff's claim for express contractual breach, any separate claim for an implied breach cannot stand. Moreover, in attacking the Sixth Cause of Action, for unfair and unlawful business practices in violation of California Business and Professions Code section 17200, et seq., CH2M Hill argues that because Plaintiff has successfully pled nothing more than a simple breach of contract, she cannot successfully assert an unfair business practices claim. Plaintiff opposes the premise of Plaintiff's argument as to both the Third and Sixth claims.

Plaintiff's Seventh and final cause of action alleges a claim for unfair insurance practices against Defendant Berkley Regional Insurance Company, the insurer who acted as CH2M Hill's surety and delivered a payment bond on this federal project as required by the Miller Act, 40 U.S.C. § 3131, et seq. Berkley Regional moves to dismiss the Seventh Cause of Action on grounds that the statutory predicate for that claim, California Insurance Code section 790.03, does not confer a private right of action against insurers. Plaintiff's Opposition, however, specifies that it agrees to dismiss that claim. Consequently, this Memorandum and Order need not further address the Seventh Cause of Action.[2]

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

---

[2] It should also be noted that Plaintiff initially sued another Defendant, Berkley Surety Group, LLC, as well. On August 13, 2014, however, Plaintiff filed a Notice of Voluntary Dismissal as to that Defendant. ECF No. 28.

4

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

**A.  Breach of the Implied Covenant**

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and its enforcement." Diaz v. Federal Express Corp., 373 F. Supp. 2d 1034, 1066 (C.D. Cal. 2005). CH2M Hill nonetheless argues that no breach of an implied covenant claim lies where the claimed breaches lie squarely within the express terms of the contract. See Guz v. Bechtel Nat., Inc., 24 Cal. 4th 317, 352 (2000) ("a claim that merely realleges [a contractual] breach as a violation of the covenant is superfluous."); see also Bionghi v. Metropolitan Water Dist. of Southern California, 70 Cal. App. 4th 1358, 1370 (1999) (affirming dismissal of breach of an implied covenant claim on grounds that "the cause of action for breach of the implied covenant is

6

duplicative of the cause of action for breach of contract, and may be disregarded."); Careau & Cal. v. Security Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged facts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

      Applying this authority to the present case, CH2M Hill argues that because the Complaint alleges no facts suggesting anything other than a straight breach of contract, any implied covenant claim necessarily fails.  As Plaintiff points out, however, Federal Rule of Civil Procedure 8(d)(2) permits claims to be pled alternatively.  Regardless, examination of the Complaint belies CH2M Hill's contention.  Plaintiff's breach of contract claim identifies express provisions of the Subcontract and alleges that CH2M Hill has failed to abide by those provisions.  Compl., ¶ 219, 221.  In setting forth its breach of the covenant claim, however, Plaintiff points to "an implicit obligation to make adjustments to the Subcontract price based on reasonable expenditures…" Id. at 226.[3] Plaintiff, then, argues that CH2M Hill's obligations were both express and implied, and its claim for an alternative implied breach claim is hardly surprising given the Subcontract's use of a "reasonable expenditures and savings" benchmark for determining price adjustments.  That term, while included in the express terms of the Subcontract, by its definition implicates equitable considerations going beyond the purview of a straightforward contractual breach.  In addition, Plaintiff alleges that some $245,618.16 was withheld despite the agreed upon terms of the Subcontract (thereby suggesting simple breach of contract) despite the fact that overall at least $3,150,264.27 in costs that should have been reimbursed were not paid.  See id. at 202, 207.   Again, this suggests different measures of damages that could fall within both express and implied classifications.

---

[3] As indicated above, pleading the express and implied claims alternatively is especially critical given CH2M Hill's denial that it breached the express terms of the Subcontract in any way.

Significantly, too, examination of the Complaint as a whole reveals factual allegations that CH2M Hill has used "slow pay" tactics in processing Plaintiff's invoices, allowing them to sit for weeks, if not months, and resulting in damage to Plaintiff's business reputation and supplier relationships. Id. at 244.  Although these particular factual allegations are included within the allegations made in support of Plaintiff's related claim for unfair business practices under California Business and Professions Code section 17200, et seq. (as discussed below), they appear to apply with equal force to Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing.  See, e.g., Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th at 349 (implied covenant protects one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement).  The fact that the "slow play" allegations are not specifically within the factual averments pertaining to the implied covenant is not dispositive, since all reasonable inferences from the facts alleged must be drawn in Plaintiff's favor in determining whether the complaint states a valid claim.  See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009).

Moreover, and in any event, as Plaintiff correctly points out, whether or not a breach of the implied covenant is duplicative of a contract is more appropriately addressed at summary judgment as opposed to the more liberal pleading standard applicable to the present motion to dismissal.  See Hause v. The Salvation Army, 2007 WL 4219450 at *9 (C. D. Cal. 2007); (evaluation of  the nature of a plaintiff's factual allegations, and how evidence might bear on such claims as the case progresses, cannot be made in the early stages of litigation before discovery has commenced, with such arguments more properly raised on summary judgment).  For all these reasons CH2M's Hill Motion to Dismiss, insofar as it pertains to Plaintiff's Third Cause of Action, for breach of the implied covenant of good faith and fair dealing, fails.

**B.  Unfair/Unlawful Business Practices**

In attacking Plaintiff's Sixth Cause of Action, for unfair and unlawful business practices in violation of California Business and Professions Code section 17200,

1  et seq., CH2M Hill first argues that section 17200 should be narrowly defined to conduct
2  that harms or threatens competition.  Then, presupposing the Court's acceptance of its
3  argument against the viability of the implied covenant claim (which the Court has in fact
4  rejected as set forth above), CH2M contends that a straight breach of contract claim
5  cannot suffice as the legal predicate for a section 17200 cause of action.  Third and
6  finally, Plaintiff also contends that Plaintiff has not identified any legally cognizable basis
7  for granting relief on its section 17200 claim in any event. Under the circumstances
8  present here, CH2M Hill's arguments fail.

9  Turning initially to CH2M Hill's narrow interpretation of the scope of the statute,
10  California courts interpreting section 17200 have held that the statute "is not confined to
11  anticompetitive business practices, but is also directed toward the public's right to
12  protection from fraud, deceit and unlawful conduct." Hewlett v. Squaw Valley Ski Corp.
13  54 Cal. App. 4th 499, 519 (1997).  Therefore, contrary to CH2M Hill's assertion herein,
14  "California courts have consistently interpreted the language of section 17200 broadly."
15  Id.  If a business practice violates any law it may also violate section 17200 and be
16  redressable under that section.  See People v. E.W.A.P., Inc.,106 Cal. App. 3d 315, 319
17  (1980).

18  Second, as already discussed above, in finding that a breach of the implied
19  covenant claim has been adequately pled on the basis of allegations going beyond
20  simple breach of contract, the Court has already recognized that Plaintiff has taken the
21  allegations here beyond  any garden-variety breach of contract.  CH2M Hill consequently
22  cannot attack the viability of Plaintiff's claim under that rationale.

23  Additionally, while CH2M Hill may be correct that a breach of contract in and of
24  itself may not run afoul of section 17200, section 17200's proscription against "unlawful"
25  practices may include an unlawful provision in a contract.  See, e.g., People v. McKale,
26  25 Cal.3d 626, 635 (1975) (requiring consumers to agree to rules and regulations which
27  one "is prohibited by law from enforcing" can constitute an unfair business practice).
28  Here, paragraph 243 of Plaintiff's Complaint specifically avers that "by including 'pay if

paid' provisions in the Subcontract, CH2M violated well-established California public policy against such provisions in construction contracts." To the extent the Subcontract does include "pay if paid" clauses as Plaintiff alleges, the provisions do not comport with the law. See U.S. for Use and Benefit of Walton Tech, Inc. v. Westar Eng. Inc., 290 F.3d 1199, 1202, 1208 (9th Cir. 2002) (where subcontract provided that the subcontractor would only be paid when and if the general contractor was paid by the government, such provision constituted an unenforceable "pay if paid" clause); Wm. R. Clarke Corp. v. Safeco Ins. Co., 15 Cal. 4th 882, 886 (1997); (under California law, here receipt of funds by contractor is deemed a condition precedent to contractor's obligation to pay, such provisions are "contrary to the public policy of this state and [are] therefore unenforceable"). Plaintiff can therefore state a cognizable section 17200 claim on that basis.

Finally, with regard to available remedies for unfair and unlawful competition in violation of section 17200, CH2M Hill admits that injunctive relief may be sought under California Business and Professions Code section 17203. The prayer to Plaintiff's Complaint specifically requests an injunction with respect to its claim for violation of section 17200. Pl.'s Compl., 42:12. CH2M Hill nonetheless argues that the Complaint is devoid of any facts from which such injunctive relief can be fashioned. Plaintiff maintains, however, that it seeks "an injunction ordering CH2M to no longer rely on [unenforceable 'pay-if-paid' provisions] as a basis for withholding payments from it, or any other subcontractors, suppliers, or materialmen going forward." Pl.'s Opp'n, 13:10-13. Such relief is permitted under California law. See Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94, 111 (1972) (recognizing that the Legislature "intended. . . to permit courts to enjoin ongoing wrongful business conduct in whatever context such activity might occur"). Consequently, at least at the pleadings stage, Plaintiff has requested relief available under section 17200.

///

///

**CONCLUSION**

In sum, for all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 23) is granted in part and denied in part. Defendant Berkley Regional Insurance Company's request that the Seventh Cause of Action, for unfair insurance practices, be dismissed is conceded by Plaintiff and is therefore GRANTED. Defendant CH2M Hill's request, however, that the Third and Sixth Causes of Action against it be dismissed for failure to state a viable claim, is DENIED.

IT IS SO ORDERED.

Dated:  November 18, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT